# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

**RONALD CHINITZ,**
  *Plaintiff*

**v.**
              **Case No. A-20-MC-0081-LY**

**INTERO REAL ESTATE SERVICES,**
  *Defendant*

§
§
§
§
§
§
§

# O R D E R

Before the Court is Plaintiff's Motion to Enforce Compliance with Plaintiff's Subpoena to Non-Party Arch Telecom, Inc., filed January 23, 2020 (Dkt. No. 1). Arch Telecom, Inc. did not file a response. On January 27, 2020, the District Court referred the Motion to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. General Background

On September 13, 2018, Plaintiff Ronald Chinitz filed this class action lawsuit against Defendant Intero Real Estate Services in the United States District Court for the Northern District of California. *See Chinitz v. Intero Real Estate Serv.*, No. 5:18-cv-5623-BLF (N.D. Cal. Sept. 13, 2018). Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act of 1991 ("TCPA") and California's Unfair Competition Law by calling him and other similarly situated individuals who registered on the National Do Not Call Registry. *Id.* at Dkt. No. 1.

On October 31, 2019, Plaintiff subpoenaed Non-Party Arch Telecom, Inc. ("Arch") to produce certain documents, from September 13, 2014 to the present, related to calling and cold-call lead generating services that Arch allegedly provided to Defendant. *See* Dkt. No. 1-4 in A-20-MC-0081

LY ("Subpoena"). The Subpoena commanded Arch to produce the documents at First Legal Records in Austin, Texas. *Id.* Arch objected to the Subpoena, contending that it was overbroad, unduly burdensome, and seeks irrelevant and confidential information. Dkt. No. 1-5.

On January 23, 2020, Plaintiff filed the instant Motion to Compel Enforcement of the Subpoena pursuant to Federal Rules of Civil Procedure 45(d)(2)(B) and 26(b)(1). In the alternative, Plaintiff asks the Court to transfer the Motion to Compel pursuant to Federal Rule of Civil Procedure 45(f) to the Northern District of California where the underlying action is pending.

## II. Analysis

Rule 45(f) governs transfer of a subpoena-related motion. Rule 45 has long required that disputes related to non-party subpoenas be resolved locally "to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena." *Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, 2017 WL 1611915, at *1-3 (W.D. Tex. Apr. 27, 2017) (citing FED. R. CIV. P. 45(d)(2)(B)(i), directing that motions to compel be filed in "the district in which compliance is required"). Subsection (f) was added in December 2013 to allow the transfer of such motions to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances" to be present. FED. R. CIV. P. 45(f).

Although the term "exceptional circumstances" is not defined in the Rules, the Advisory Committee's comments to the amendment explain that "transfer to the court where the action is pending is sometimes warranted" where the interests in having the issuing court decide the discovery dispute "outweigh the interests of the party served with the subpoena in obtaining local resolution of the motion." FED. R. CIV. P. 45 advisory committee's notes to 2013 amendment, Subdivision (f). The Committee further notes that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has

2

already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.*

The Court has reviewed the docket and filings in the California litigation and finds that although the place of compliance for the subpoena is Austin, Texas, the California court should rule on Plaintiff's Motion to Compel. The transfer of the Motion to Compel will advance the interests of consistency and judicial economy and place the California court in the best position to manage this class action. The California court already has made numerous rulings on discovery motions in this case,[1] and in one order noted that discovery has "been marked by gamesmanship." Dkt. No. 59 at p. 1 in 5:18-CV-05623. The Court finds that the California court is in the best position to make rulings on the scope of discovery and to evaluate the relevance of the requested documents and any undue burden the production might cause. Any ruling by this Court has the potential to disrupt the California court's management of the underlying case, both procedurally and substantively. "Uniformity of discovery rulings in a case of this complexity is critical to achieving fairness to the parties and non-parties." *Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, 2017 WL 1611915, at *2 (W.D. Tex. Apr. 27, 2017). In sum, the transfer of the Motion to Compel will advance the interests of consistency and judicial economy in this case.

Based on the foregoing, Plaintiff's Motion to Enforce Compliance with Plaintiff's Subpoena to Non-Party Arch Telecom, Inc. (Dkt. No. 1) is **GRANTED IN PART**. **IT IS HEREBY ORDERED** that Plaintiff's Motion to Enforce Compliance with Plaintiff's Subpoena to Non-Party Arch Telecom, Inc. is **TRANSFERRED** to the United States District Court for the Northern District of California, San Jose Division.

---

[1] *See* Docket in 5:18-cv-5623-BLF.

**IT IS FURTHER ORDERED** that this cause of action is **CLOSED**.

**SIGNED** on February 14, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE